IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**UNITED STATES OF AMERICA**

v.                                                            Criminal Action No. 5:06-CR-00255

**BILLY JEAN McKINNEY**

## MEMORANDUM OPINION AND ORDER

Defendant has filed an *ex parte* Motion for Expert Services seeking the Court's "approval of the necessary services of a psychiatrist", Dr. Timothy Thistlethwaite, in conjunction with proceedings initiated by the United States under Sell v. United States, 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003), and United States v. Evans, 404 F.3d 227 (4th Cir. 2005), to forcibly medicate Defendant to make him competent to stand trial. (Document No. 53.) Defendant states that "[i]n furtherance of challenging the government's motion, and to assist the Court in the analysis of the last three *Sell* factors, the Defendant needs a psychiatrist to critically examine the FMC Butner Forensic Evaluation and Literature Review(s). Testimony of the same expert will also likely be needed." Defendant requests that the Court pre-approve payment of Dr. Thistlethwaite in the amount of $2,675 plus expenses under the Criminal Justice Act [CJA] and has submitted a CJA-21 form.

The Court will grant Defendant's Motion for Expert Services and appoint Dr. Thistlethwaite. The Court will deny his request that the Court pre-approve payment of Dr. Thistlethwaite under the CJA. The Court finds that payment of Dr. Thistlethwaite is the responsibility of the Department of Justice [DOJ]. The Guide to Judiciary Policies and Procedures, Volume 7, Section 3.11.B, states as follows:

> CJA funds are used to pay for psychiatric and related services obtained in accordance

>with subsection (e) of the CJA upon a determination that the services are "necessary for an adequate defense." These are "defense" services, where the defendant selects the expert and controls the disclosure of the expert's report. It is important to note that psychiatrists and related experts may be used in many circumstances in which payment is made from a source other than the CJA appropriation. In these situations, the court or the government selects the expert and persons other than the defendant also have access to the expert's report. The Department of Justice (DOJ) generally pays for these "non-defense" services.

The Guide contains a chart indicating when the DOJ has responsibility for payment for psychiatric and related services and when it falls under the CJA in view of the circumstances contemplated in 18 U.S.C. §§ 4142, *et seq.* Generally, as the chart indicates, when competency is in issue, the DOJ has responsibility for payment of the costs of psychiatric and related expert services in conducting examinations and testifying at competency hearings. When psychiatric and related expert services are necessary to develop and prove a defense, they are covered under the CJA. *See also* United States v. Cox, 964 F.2d 1431, 1434 - 1435 (4th Cir. 1992). The Court has determined that Defendant is not mentally competent to stand trial. (Document No. 43.) The United States has filed a Motion to Involuntarily Medicate Defendant to render him competent to stand trial and has submitted a plan for administering medications to Defendant. (Document No. 51.) Defendant opposes the Motion. (Document No. 52.) The Court must carefully consider the plan which the United States has proposed. The Court finds that the opinion of an independent psychiatrist will be helpful. It appears that Dr. Thistlethwaite, board certified in psychiatry and neurology, is qualified. Dr. Thistlethwaite's opinion in this context is not "necessary for adequate representation" as required under 18 U.S.C. § 3006A(e)(1) or "necessary for an adequate defense" as stated in the Guide to Judiciary Policies and Procedures, Volume 7, Section 3.11.B. Rather, the Court envisions that his opinion will be helpful in consideration of issues raised by the United States having nothing directly to do with the charges pending against Defendant. Dr. Thistlethwaite will therefore provide "'non-defense'

services". Under these circumstances, the DOJ is responsible for paying Dr. Thistlethwaite.

Accordingly, it is hereby **ORDERED** that Defendant's *ex parte* Motion for Expert Services (Document No. 53.) is **GRANTED** and Dr. Thistlethwaite is **APPOINTED** to examine the Defendant and the plan which the United States has submitted for administering medications to him to render him competent to stand trial and to state his opinion respecting the plan as submitted in a written report and/or by testifying. Defendant's Motion is **DENIED** to the extent that he requests pre-approval of Dr. Thislethwaite's payment under the CJA. The Court finds that the DOJ is responsible for paying Dr. Thistlethwaite. The Court anticipates that Dr. Thistlethwaite will submit an itemized statement of his fees and expenses to counsel intermittently and/or at the conclusion of the matters for which he is appointed and the United States will arrange for payment.

The Clerk is directed to deliver a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: March 21, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE